UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORBITAL PUBLISHING GROUP, INC., <br><br> Plaintiff, <br><br> - against - <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Case No.: 11 CV 3065 (PAC) <br><br> **DECLARATION** |

STATE OF NEW YORK,
COUNTY OF NEW YORK.

TRACEE E. DAVIS, pursuant to 28 U.S.C. § 1746, declares the following:

1. I am of counsel at Zeichner Ellman & Krause LLP ("ZEK"), attorneys for defendant Bank of America, N.A. ("BANA"). I make this declaration in support of BANA's motion to dismiss plaintiff Orbital Publishing Group, Inc.'s ("Orbital") action for lack of prosecution and in support of BANA's motion for a default judgment against Orbital on BANA's counterclaims.

**JURISDICTION**

2. This Court has subject matter jurisdiction over BANA's counterclaims because the counterclaims are ancillary and so related to the underlying action over which original jurisdiction exists, pursuant to 28 U.S.C. §1332, that they form

part of the same case or controversy such that jurisdiction exists, pursuant to 28 U.S.C. §1367(a).

3. This Court has personal jurisdiction over plaintiff because an answer with counterclaims was served by mail on July 15, 2011 on plaintiff's attorneys and also was served by ECF by filing the answer with counterclaims along with a certificate of service dated July 15, 2011.

## FACTUAL AND PROCEDURAL HISTORY

4. Although plaintiff brought this action against BANA claiming that it had incurred over a $1,000,000 loss resulting from the restraint of two business checking accounts ("Orbital Accounts"), plaintiff has done absolutely nothing to prosecute this action since the Court issued its May 13, 2011 decision directing BANA to disburse the proceeds of the Orbital Accounts. Plaintiff has failed to answer the counterclaims asserted in BANA's answer dated July 15, 2011, and is in default. Accordingly, plaintiff's action should be dismissed with prejudice for lack of prosecution and default judgment should be entered in favor of BANA on its counterclaims.

5. Plaintiff commenced this action on May 5, 2011, by filing an emergency order to show cause seeking the release of approximately $400,000, which was on deposit in the Orbital Accounts at BANA. A copy of the complaint dated May 5, 2011 is annexed as **Exhibit A**; see also Orbital's Order to Show Cause dated May 5, 2011 (Dkt. No. 3).

6. BANA opposed plaintiff's motion by submitting, inter alia, the Affidavit of Virginia Prieto, dated May 10, 2011 ("Prieto Aff."). A copy of the Prieto Affidavit is annexed as **Exhibit B**.

7. On May 13, 2011, the Court issued a Decision and Order (the "Order") which, inter alia, directed BANA to disburse only ninety percent (90%) of the proceeds of the Orbital Accounts to plaintiff and to deposit the remaining ten percent (10%) with the Clerk of the Court "as security for such costs and damages as may be suffered by Defendant[.]" See a copy of the Order dated May 13, 2011, annexed as **Exhibit C**.

8. Immediately thereafter, BANA released the Account proceeds by depositing the sum of $47,397.84 with the Court Clerk and by disbursing the balance to plaintiff.

9. Before this action was commenced, BANA began receiving reimbursement requests from plaintiff's purported customers and others whose checks plaintiff had deposited to the Orbital Accounts. According to Orbital's customers, such checks allegedly were either indorsed without authority, missing indorsements or were otherwise not properly payable. By July 15, 2011, BANA had received eight reimbursement claims from plaintiff's customers. The undersigned began sending, shortly after disbursing the Account proceeds to plaintiff, a series of e-mails to plaintiff's counsel concerning the eight reimbursement claims. The undersigned repeatedly inquired whether

plaintiff intended to reimburse its customers in the amount of the check claims. Such inquiry was warranted since, during the May 9th hearing, plaintiff represented to the Court that it had a routine process for handling such reimbursements, which it alleged were nothing more than refund claims (Dkt. No. 11).

10.     Nevertheless, despite plaintiff's representation at the hearing, and the undersigned's various requests, plaintiff never provided the requested information. Id.

11.     As of November 8, 2011, BANA had paid at least two of the reimbursement claims.

12.     On July 15, 2011, BANA filed and served by mail its answer and counterclaims. A copy of BANA's Answer and Counterclaims dated July 15, 2011 is annexed as **Exhibit D**.

13.     Plaintiff failed to reply to BANA's counterclaims. A Clerk's Certificate of default dated February 2, 2012 is annexed as **Exhibit E**.

14.     Plaintiff has taken no steps at all to bring this action to trial. In fact, plaintiff has stopped responding to BANA's communications. When BANA recently sought plaintiff's consent to extend BANA's time to file a third-party action, plaintiff failed to respond to BANA's request. BANA was obliged to seek an extension from the Court, which was granted in a memo endorsed Order dated December 21, 2011. A copy of the December 21, 2011 Order is annexed as **Exhibit F**.

15. In the December 21, 2011 Order, this Court directed that "if plaintiff is not engaged in prosecution of its actions, defendant should move to dismiss for lack of prosecution." See December 21, 2011 Order.

16. Despite the Court's explicit warning of possible dismissal, plaintiff made no attempt even to communicate with the undersigned, let alone to take steps in the prosecution of this action.

17. By reason of the foregoing, I respectfully request that plaintiff's action be dismissed with prejudice, a default judgment be entered on BANA's counterclaims and an inquest be directed on the issue of BANA's damages.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2012

_____
TRACEE E. DAVIS