**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORBITAL PUBLISHING GROUP, INC.,

    Plaintiff,

-against-

BANK OF AMERICA, N.A.,

    Defendant.

JUDGE CROTTY

11 CV 3065

COMPLAINT

PLAINTIFF DEMANDS
TRIAL BY JURY

RECEIVED
MAY 05 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Orbital Publishing Group, Inc., by its attorneys, Lennon & Klein, P.C., as and for its complaint herein respectfully alleges:

## JURISDICTION AND VENUE

1. This is an action for conversion, breach of contract and breach of the implied covenant of good faith and fair dealing.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because the defendant resides and is found within this district.

## PARTIES

4. Plaintiff, Orbital Publishing Group, Inc. ("Orbital"), is a New York corporation and its headquarters is located in Reno, Nevada.

5. Upon information and belief, Defendant, Bank of America, N.A. ("Bank of America"), is a nationally chartered bank and, for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1348, is a citizen of the State of North Carolina.

## FIRST CLAIM FOR RELIEF
### (Conversion)

6. Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 5 of the Complaint.

7. Orbital is engaged in the business of marketing and selling magazine subscriptions by direct mail.

8. In or about October 2010, Orbital opened two bank accounts at defendant Bank of America: one to conduct its normal banking to run its business (the "Operating Account") and a second to issue refunds to customers when necessary (the "Refund Account").

9. All of the checks that Orbital received from its customers were deposited to its Operating Account and Orbital used its Operating Account to pay its vendors, payroll and other operating expenses.

10. When Orbital needed to issue refunds to customers, it would transfer the necessary funds from its Operating Account to its Refund Account and issue checks from the Refund Account to customers.

11. On or about April 14, 2011, Orbital learned from its vendors and customers that checks and other payments issued against its bank accounts at Bank of America were not being honored by Bank of America even though Orbital had more than sufficient balances in its accounts to cover the payments. Orbital also discovered that it was unable to log into its Bank of America accounts at www.bankofamerica.com.

12. Orbital contacted Bank of America and was advised that its accounts were closed and its balances would be released to Orbital within two days. The Bank of America representative would not state why the accounts were closed.

13. Upon information and belief, when Orbital's vendors or customers presented instruments for payment, Bank of America refused to pay on the instruments and advised Orbital's vendors and customers that Orbital did not have sufficient funds in its accounts.

14. At all times, Orbital had sufficient funds in its accounts to pay all instruments presented for collection.

15. Bank of America knew that Orbital had sufficient funds in its accounts to pay all instruments presented for collection.

16. Orbital does not know why Bank of America closed its accounts and is misrepresenting to Orbital's vendors and customers that Orbital does not have sufficient funds to pay instruments presented for collection.

17. Upon information and belief, Orbital had approximately $400,000 in its Operating Account and Refund Account at Bank of America.

18. Despite due demand and despite Bank of America's refusal to honor instruments presented to payment, Bank of America refuses to turnover to Orbital the balances in the Operating Account and Refund Account.

19. It has been over two weeks since Bank of America seized all of Orbital's cash — approximately $400,000, refused to honor Orbital checks to its vendors and customers and falsely advised its vendors and customers that Orbital does not have sufficient funds for Bank of America honor the checks and other instruments presented for payment.

20. By virtue of Bank of America's actions — all done without any notice or explanation — Orbital has been unable to pay its vendor for a mailer that was scheduled to mail, Orbital has been unable to pay its suppliers for magazine subscriptions ordered and paid for by its customers, Orbital will be unable to pay its employees its next payroll coming due and Orbital has been unable to issue refunds to customers that have requested and are expecting refunds.

21. Bank of America has no justification for refusing to release Orbital's funds to Orbital.

22. Bank of America refused to provide any explanation for its refusal to release Orbital's funds to Orbital.

23. Bank of America acted with malice in refusing to release Orbital's funds to Plaintiff without any notice or explanation and refusing to honor instruments presented for payment.

24. Orbital is entitled to the funds held in its demand deposit accounts maintained at Bank of America.

25. Bank of America's dominion over and interference with the funds held in Orbital's demand deposit accounts maintained at Bank of America is in derogation of Orbital's right to those funds.

26. Unless Orbital's funds are immediately released by Bank of America, Orbital will go out of business as its relationships with its vendors and customers are being destroyed by Bank of America's unjustified extrajudicial seizure of all of Orbital's cash.

27. It is difficult at this time to ascertain the exact amount of damages suffered by Orbital from Bank of America's actions, however, depending on when its funds are released to it, it is believed that Plaintiff's damages will be in excess of $1,000,000.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

28. Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 27 of the Complaint.

29. Pursuant to the deposit agreement between Orbital and Bank of America, Bank of America agreed to release Orbital's funds upon demand.

30. Orbital demanded the release of its funds from Bank of America but Bank of America refused to release Orbital's funds.

31. It is difficult at this time to ascertain the exact amount of damages suffered by Orbital from Bank of America's actions, however, depending on when its funds are released to it, it is believed that Orbital's damages will be in excess of $1,000,000.

## THIRD CLAIM FOR RELIEF
### (Breach of Good Faith and Fair Dealing)

32. Plaintiff realleges and incorporates herein by reference each of the allegations in paragraphs 1 through 32 of the Complaint.

33. There is an obligation of good faith and fair dealing in all contracts.

34. As a result of Bank of America's actions set forth above, Bank of America has violated its obligation to act in good faith and to deal fairly with Orbital regarding Orbital's demand deposit accounts maintained with Bank of America.

35. As a result of defendant's actions, Plaintiff has suffered damages in an amount to be determined at the trial of this action, but believed to be in excess of $1,000,000.

**WHEREFORE**, plaintiff, Orbital Publishing Group, Inc. Inc., demands judgment against defendant, Bank of America, N.A., as follows:

(a) Damages in an amount to be determined at the trial of this action, but believed to be in excess of $1,000,000;

(b) That defendant America immediately be directed to release plaintiff's funds to plaintiff;

(c) Punitive damages of not less than $3,000,000;

(d) Together with the costs of this action, including reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 4, 2011

                                        LENNON & KLEIN, P.C.

                                        By: _____
                                        David P. Lennon (DL 8232)
                                        Attorneys for Plaintiff
                                          ORBITAL PUBLISHING GROUP, INC.
                                        410 Park Ave., 15th Floor
                                        New York, NY 10022
                                        Telephone: 212-465-2020
                                        Direct Dial: 212-465-0725
                                        Facsimile: 212-202-5337
                                        E-mail: david@lennon-klein.com