David B. Chenkin
Tracee E. Davis
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York  10022
(212) 223-0400

*Attorneys for Defendant*
  *Bank of America, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORBITAL PUBLISHING GROUP, INC., <br><br>                Plaintiff, <br><br>      - against - <br><br> BANK OF AMERICA, N.A., <br><br>                Defendant. | Case No.:  11 CV 3065 (PAC) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF PROSECUTION AND FOR
DEFAULT JUDGMENT ON ITS COUNTERCLAIMS**

ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
Telephone:  (212) 223-0400

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION ............................................................................................. 1

FACTUAL AND PROCEDURAL HISTORY ............................................................ 2

ARGUMENT.................................................................................................... 5

POINT I     PLAINTIFF'S INACTION WARRANTS DISMISSAL OF
            ITS CLAIMS ................................................................................. 5

POINT II    BANA IS ENTITLED TO A DEFAULT JUDGMENT ON
            ITS COUNTERCLAIMS .......................................................... 7

CONCLUSION.................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Chira v. Lockheed Aircraft Corp.,
    634 F.2d 664 (2d Cir. 1980) ................................................................. 5, 6

Colon v. Mack,
    56 F.3d 5 (2d Cir. 1995) ............................................................................ 6

Nita v. Connecticut Dep't of Environmental Protection,
    16 F.3d 482 (2d Cir. 1994) ........................................................................ 6

Enron Oil Corp. v. Diakurhara,
    10 F.3d 90 (2d Cir. 1993) ........................................................................... 8

Link v. Wabash R.R. Co.,
    370 U.S. 626 (1962) ................................................................................... 5

Lyell Theatre Corp. v. Loews Corp.,
    682 F.2d 37 (2d Cir. 1982) ........................................................................ 6

**STATUTES**

28 U.S.C. §1367(a) .......................................................................................... 8

Fed.R.Civ.P. 41(b) .................................................................................... 5, 6, 7

Fed.R.Civ.P. 55(b)(2) ...................................................................................... 8

Fed.R.Civ.P. Rule 12(a)(1)(B) ........................................................................ 8

### INTRODUCTION

The history of this case demonstrates plaintiff Orbital Publishing, Inc.'s ("Orbital") intentional abandonment of its claims. Indeed, since the Court issued its May 13, 2011 decision directing Bank of America, N.A. ("BANA") to disburse the proceeds of two business accounts ("Orbital Accounts"), plaintiff has utterly failed to prosecute this action, engage in discovery or respond to numerous inquiries from BANA. Plaintiff also failed to answer the counterclaims asserted in BANA's answer dated July 15, 2011, and is in default.

Further highlighting the legal basis for dismissal, plaintiff remained silent even after receiving ample notice in this Court's December 21, 2011 Order that further inaction may result in dismissal.

Accordingly, this Court should dismiss the action with prejudice.

Alternatively, in the unlikely event that the Court permits plaintiff to continue this case, BANA respectfully requests a further extension of its time to file a third-party action so it is not prejudiced by plaintiff's conduct.

Finally, BANA also respectfully requests that the Court enter a default judgment on its counterclaims and schedule an inquest on damages, pursuant to Fed.R.Civ.P. 55(b)(2).

## **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff commenced this action on May 5, 2011, by filing an emergency order to show cause seeking the release of approximately $400,000, which was on deposit in the Orbital Accounts at BANA.  See Orbital's Order to Show Cause dated May 5, 2011 (Dkt. No. 3).  Plaintiff claimed that BANA had improperly restrained the Accounts causing it over $1,000,000, in alleged damages.  See a copy of the complaint dated May 5, 2011 ("Complaint"), ¶ 10 (Dkt. No. 1), Exhibit A to the Declaration of Tracee E. Davis dated February 2, 2012 ("Davis Decl.").

BANA opposed plaintiff's motion by submitting, inter alia, the Affidavit of Virginia Prieto, dated May 10, 2011 ("Prieto Aff.").  See Davis Decl. Exhibit B.  The Prieto Affidavit showed that plaintiff, a company allegedly in the business of marketing and selling magazine subscriptions, had been the subject of numerous consumer fraud alerts.  See Prieto Aff. ¶ 4 (Dkt. No. 6).  Specifically, certain publishers and/or other entities had placed fraud warnings on their websites stating that plaintiff was not an authorized agent, had been improperly soliciting subscriptions from their customers, and that any action taken by plaintiff allegedly on their behalf should be considered fraudulent.  Id.

Additionally, BANA began receiving reimbursement requests from plaintiff's purported customers and others whose checks plaintiff had deposited to the Orbital Accounts.  See Prieto Aff. ¶ 3.  According to Orbital's purported customers, such checks allegedly were either indorsed without authority, missing indorsements or

2

were otherwise not properly payable. <u>Id.</u> Upon further inquiry, BANA discovered that thousands of checks that plaintiff deposited to the Orbital Accounts potentially had the same infirmities. <u>Id.</u> ¶ 8. In opposition to plaintiff's motion, BANA expressed its concern that the dollar amount of reimbursed claims might ultimately exceed the total balance then on deposit to the Orbital Accounts. <u>See</u> Prieto Aff. ¶¶ 6 and 8.

On May 13, 2011, the Court issued a Decision and Order which, <u>inter alia,</u> acknowledged BANA's concerns by directing BANA to disburse only ninety percent (90%) of the proceeds of the Orbital Accounts to plaintiff and deposit the remaining ten percent (10%) with the Clerk of the Court "as security for such costs and damages as may be suffered by Defendant[.]" <u>See</u> Order dated May 13, 2011 (the "Order") (Dkt. No. 10) at Davis Decl. Exhibit C.  Immediately thereafter, BANA released the Account proceeds by depositing the sum of $47,397.84 with the Court Clerk and disbursing the balance to plaintiff. <u>Id.</u>

BANA's counsel then began sending a series of e-mails to plaintiff's counsel with copies of eight checks that were returned by plaintiff's customers who requested that BANA reimburse the amount of the checks. BANA's counsel sought to inquire of plaintiff if the checks were properly payable and whether plaintiff intended to reimburse its customers in the amount of the checks. <u>See</u> Davis Decl. ¶ 10. Notably, during the May 9th hearing, plaintiff represented that it had a routine process for handling such reimbursements, which it alleged were nothing more than refund claims. <u>Id.</u> Nevertheless, despite plaintiff's representation at the hearing, and BANA's various

requests, plaintiff never provided the requested information. Id. As of November 8, 2011, BANA had paid at least two of the reimbursement claims. Id.

On July 15, 2011, BANA filed and served by mail its answer and counterclaims. Id. ¶ 13. Six months have passed and plaintiff still has not replied to BANA's counterclaims, nor has plaintiff taken any steps at all in this action. Id. ¶ 15. In fact, plaintiff has stopped responding to any of BANA's communications. Id. When BANA recently sought plaintiff's consent to extend BANA's time to file a third-party action, plaintiff failed to respond to BANA's request. Accordingly, BANA was obliged to seek an extension from the Court, which was granted in a memo endorsed Order dated December 21, 2011. Id. Significantly, such Order also stated that "if plaintiff is not engaged in prosecution of its actions, defendant should move to dismiss for lack of prosecution." See Davis Decl. Exhibit F.

The Court's explicit warning of possible dismissal has been met with nothing more than silence and further inaction by plaintiff. Accordingly, pursuant to the Court's December 21, 2011 Order, BANA respectfully requests that plaintiff's claims be dismissed with prejudice, a default judgment be entered on BANA's counterclaims, and an inquest be held on the issue of BANA's damages.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S INACTION WARRANTS
DISMISSAL OF ITS CLAIMS**

Under the principles of Rule 41(b) of Fed.R.Civ.P., this case presents a highly appropriate setting for exercise of the Court's power to dismiss for failure to prosecute.

This Court has "inherent power" to clear its docket of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962) ("The federal courts possess undisputed authority to control their dockets and to dismiss those cases that plaintiffs fail to prosecute and to protect defendants against plaintiffs who fail to prosecute their claim"). See also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) ("Federal courts ... have been the steadfast protectors of a defendant's right to be free from idle procrastination on the part of the plaintiff").

Under Fed.R.Civ.P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The language of Rule 41(b) provides three separate bases for dismissal, and failure to prosecute alone is sufficient. See Chira v. Lockheed Aircraft Corp., supra 634 F.2d at 666. The Second Circuit has held that failure to prosecute "can be evidenced itself either in action lying dormant with no significant activity to move it

or in a pattern of dilatory tactics." See Lyell Theatre Corp. v. Loews Corp., 682F.2d 37, 42 (2d Cir. 1982).

The factors to be considered are: (i) duration of the party's failures; (ii) whether the party had received notice of the consequences of delay; (iii) the prejudice of further delay to the other party; (iv) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (v) the efficiency of lesser sanctions. Nita v. Connecticut Dep't of Environmental Protection, 16 F.3d 482, 485 (2d Cir. 1994) (citations and quotations marks omitted). "Generally, no one factor is dispositive." Id. "Involuntary dismissal for plaintiff's failure to prosecute is a matter committed to the discretion of the trial court by Rule 41(b)[.]" Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995).

Here, plaintiff's failure to pursue this action for the last six months, its refusal to communicate with BANA, and its failure to reply to BANA's counterclaims have caused, and will continue to cause, delays of considerable duration. See Chira v. Lockheed Aircraft Corp., supra, 634 F.2d 664, 667 (2d Cir. 1980) (delay of six months warrants dismissal). Moreover, plaintiff's failure to take any action in response to the Court's warning that further delay may lead to dismissal is a clear indication of plaintiff's intention to abandon its claims. Id. Finally, BANA has been prejudiced by plaintiff's inaction. See Lyell Theatre Corp. v. Loews Corp., supra, 682 F.2d 37, 43 (2d Cir. 1982) ("[p]rejudice to defendants resulting from unreasonable delay may be presumed"). BANA has had to incur the cost and expense of defending and monitoring

this action.  The longer the matter languishes on the court's calendar without any action by plaintiff the more in cost and expense BANA will incur in having to monitor and defend its stake in the action and its counterclaims.  Therefore, BANA urges this Court to grant BANA's motion to dismiss the action with prejudice.  See Fed.R.Civ.P. 41(b) ("[D]ismissal under this subdivision ...operates as an adjudication upon the merits.").

Alternatively, in the unlikely event that this Court denies BANA's motion, BANA requests a further extension of BANA's time to commence a third-party action.  BANA may have third-party claims for contribution and/or indemnification.  However, plaintiff's failure to participate in this action, or respond to BANA's requests, has hindered BANA's ability to identify potential third-party defendants.  Without the ability to assert such a claim, BANA would be unfairly prejudiced if plaintiff is allowed even more time to prosecute this action.  Accordingly, BANA urges the Court to preserve BANA's right to bring a third-party action by granting it a further extension of time should this action be allowed to proceed.

## POINT II

### BANA IS ENTITLED TO A DEFAULT JUDGMENT ON ITS COUNTERCLAIMS

In its answer, BANA asserted counterclaims for breach of warranty under the applicable provisions of the U.C.C. (first counterclaim); for breach of the Orbital Account agreements by plaintiff depositing checks without proper or missing indorsements (second counterclaim); for costs, losses and fees, including attorneys'

7

fees, that plaintiff is obligated to pay as a result of its breach of the Orbital Account agreement (third counterclaim); for an order directing disbursement of the funds held by the Clerk of the Court to recover the loss BANA has incurred in connection with this matter (fourth counterclaim); for a declaratory judgment that plaintiff is liable to BANA for the face amount of any checks deposited to the Orbital Accounts without an indorsement in the name of the payee for which reimbursement is sought, including reasonable attorneys' fees (fifth counterclaim); and for unjust enrichment (sixth counterclaim).

Given that BANA served the answer with counterclaims on plaintiff on July 15, 2011, and plaintiff had twenty-one (21) days or until August 5, 2011, under Rule 12(a)(1)(B) of the Fed.R.Civ.P. to reply, but failed to do so, plaintiff is now in default. Pursuant to Fed.R.Civ.P. Rule 55(b), a party may procure a judgment by default by applying to the court for such relief. See Fed.R.Civ.P. 55(b)(2). Whether or not a default judgment is granted is entrusted to the sound discretion of the District Court. See Enron Oil Corp. v. Diakurhara, 10 F.3d 90, 95 (2d Cir. 1993). Because plaintiff is clearly in default and has shown no apparent interest in responding to BANA's counterclaims, the Court should exercise its ancillary jurisdiction under 28 U.S.C. §1367(a) to enter a default judgment against plaintiff on the counterclaims, and to schedule an inquest on damages.

## **CONCLUSION**

For the foregoing reasons, BANA respectfully requests that the Court grant BANA's motion to: (1) dismiss the action with prejudice; (2) enter a default judgment against plaintiff on BANA's counterclaims; (3) schedule an inquest on the issue of damages as to BANA's counterclaims; and (4) such other and further relief as may be just and proper.


Dated:     New York, New York
           February 3, 2012

                                   ZEICHNER ELLMAN & KRAUSE LLP

                             By:   _____
                                   David B. Chenkin
                                   Tracee E. Davis
                                   Attorneys for Defendant
                                     Bank of America, N.A.
                                   575 Lexington Avenue
                                   New York, New York 10022
                                   (212) 223-0400


#649671v5/TD/1593.478