UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x
ORBITAL PUBLISHING GROUP, INC.      :
                                                          :
                    Plaintiff,                            :
                                                          :
      - against -                                         :
                                                          :
BANK OF AMERICA, N.A.,                         :
                                                          :
                    Defendant.                    :
-------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 16, 2012

11 Civ. 3065 (PAC)

OPINION AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On May 5, 2011, Plaintiff Orbital Publishing Group, Inc. ("Plaintiff") instituted this

action by filing a complaint and an order to show cause, seeking the release of approximately

$400,000 from Plaintiff's two bank accounts held at Defendant Bank of America, N.A.

("Defendant"). Defendant had restrained the money in Plaintiff's accounts after: (a) noticing a

large number of checks deposited in Plaintiff's accounts that were not made payable to the order

of Plaintiff; (b) receiving reimbursement requests from customers whose checks had been

deposited in Plaintiff's accounts without indorsements, or without authority to make

indorsements; and (c) after viewing consumer fraud alerts concerning Plaintiff. (Prieto May 10,

2011 Decl. pg 2.) On May 13, 2011, the Court ordered Defendant to: (a) return 90% of the funds

in Plaintiff's two accounts to Plaintiff; and (b) deposit 10% of the funds in Plaintiff's two

accounts with the Clerk of the Court. The Defendant did so.

On July 15, 2011, Defendant filed and served its answer and counterclaims. To date,

Plaintiff has not answered, or otherwise responded to, Defendant's counterclaims. On December

21, 2011, the Defendant sent a letter to the Court explaining that Plaintiff was unresponsive to

Defendant's inquests and had abandoned its action, and seeking an order extending Defendant's

time to commence a third party action should the facts ultimately give rise to such a claim. (Dkt. No. 17.) The Court granted Defendant's request for an extension and noted that if the Plaintiff was not prosecuting its action, then the Defendant should move to dismiss for lack of prosecution. (Id.)

On February 2, 2012, Defendant moved, pursuant to Fed. R. Civ. P. 41(b), to dismiss Plaintiff's complaint with prejudice for failure to prosecute and, pursuant to Fed. R. Civ. P. 55(b)(2), for a default judgment on Defendant's counterclaim. Plaintiff did not submit an opposition brief by the March 6, 2012 deadline. On March 9, 2012, the parties submitted a stipulation extending Plaintiff's time to file an opposition brief to March 21, 2012, which was approved by the Court. (Dkt. No. 22.) Plaintiff, however, did not subsequently file an opposition brief.

For the reasons that follow, Defendant's motion is GRANTED.

## DISCUSSION

### I.   Failure to Prosecute

A defendant may move, under Fed. R. Civ. P. 41(b), to dismiss an action where a plaintiff fails to prosecute, which "can be evidenced . . . either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In ruling on such a motion, a court should consider: (a) the duration of the party's failures; (b) whether the party had received notice of the consequence of delay; (c) the prejudice of further delay to the other party; (d) the balance between alleviating court calendar congestion and protecting both a party's right to due process and a fair chance to be heard; and (e) the efficiency of lesser sanctions. Nita v. Connecticut Dept. of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

2

Plaintiff's ongoing failure to prosecute this action is well documented:  Plaintiff failed to answer Defendant's counterclaims; Defendant's December 2011 letter indicated that Plaintiff failed to respond to its written inquiries and had abandoned the action; and Plaintiff failed to oppose Defendant's motion to dismiss.  Plaintiff's failures span over eight months, from August 5, 2011, the date on which Plaintiff's answers to Defendant's counterclaims was due, through the present.  This is a sufficient delay for Fed. R. Civ. P. 41(b) purposes.  See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (2d Cir. 1980) (affirming dismissal for delay of six months). Plaintiff has had ample notice of the consequences of its delay—four months ago, the Court forewarned that Plaintiff's failure to prosecute its action may result in a motion to dismiss; and Defendant has since filed such a motion.  Plaintiff has had ample opportunity to respond—the Court went so far as to grant Plaintiff an extension of time to oppose Defendant's motion after Plaintiff had already missed its deadline, and yet, Plaintiff still failed (or chose not) to file an opposition brief.  It is a waste of the Court's time to allow Plaintiff's action to proceed, and the Court can assume that Defendant is prejudiced by Plaintiff's failure to prosecute this action. Lyell Theatre Corp., 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed . . . .").  Since the above factors all weigh in favor of dismissal, the Court grants Defendant's 41(b) motion, and dismisses Plaintiff's claims.

## II.    Default Judgment

Defendant filed and served its answer and counterclaim on July 15, 2011.  Under Fed. R. Civ. P. 12(a)(1)(B), Plaintiff had twenty-one days, or until August 5, 2011, to answer or otherwise respond to Defendant's counterclaims.  To date, however, Plaintiff has not answered or responded to Defendant's counterclaims.  On February 2, 2012, the Clerk of Court entered a default with respect to Defendant's counterclaims.  (Dkt. No. 18.)

3

"The entry of default, while establishing liability, 'is not an admission of damages.'"

City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (quoting

Finkel v. Romanowicz, 577 F.3d 79, 83 n. 6 (2d Cir.2009)). Since the amount of damages on

Defendant's counterclaims is not certain, Defendant requests that the Court schedule an inquest

on damages, in order to then enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Rule

55(b)(2) entitles Plaintiff, as a party against whom a default judgment is sought that has appeared

at a prior point in the litigation, to seven days' written notice of the proceeding at which default

judgment may be entered. The Plaintiff is further "entitled . . . to be heard concerning the nature

and details of the judgment to be entered." Brock v. Unique Racquetball & Health Clubs, Inc.,

786 F.2d 61, 65 (2d Cir.1986). Accordingly, the Plaintiff is hereby put on notice that an inquest

into the amount of damages on Defendant's counterclaims is scheduled for May 24, 2012 at 11

a.m., to take place in Courtroom 20-C. The Defendant's pre-hearing brief, which should provide

documentation upon which it bases its damages calculations, is due by May 3, 2012. Plaintiff's

opposition, if any, is due by May 10, 2012; and a reply due May 17, 2012.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED, and Plaintiff's action is,

therefore, DISMISSED. Further, in light of Plaintiff's default, an inquest as to the amount of

damages on Defendant's counterclaims will be held on Thursday, May 24, 2012 at 11:00 AM in

Courtroom 20-C.

The Clerk of the Court is directed to terminate the pending motion.

Dated: New York, New York
     April __, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge